# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ALFRED BECK ALLEN,

            Plaintiff,

    v.

STATE OF ALASKA,

            Defendant.

Case No. 3:24-cv-00175-SLG

## ORDER RE DEFICIENT FILING

On August 8, 2024, self-represented prisoner Alfred Beck Allen ("Plaintiff") filed a civil complaint against the State of Alaska.[1] To date, the Court has received two payments totaling $330 towards the filing fee on August 15, 2024. Plaintiff's filing is deficient. To properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee.[2]

While federal law allows a litigant to commence a civil action without *prepaying* the fees, prisoner plaintiffs whose application to waive prepayment of the filing fee is granted remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the

---

[1] Dockets 1-3.

[2] Local Civil Rule 3.1.

outcome of the case.[3] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee

This action is deficient because Plaintiff has not paid the full filing fee nor filed a completed application to waive prepayment of the fee with a statement from his prison trust account for the past six months.[4]

Additionally, a defendant in a civil rights lawsuit must be a "person."[5] The State of Alaska and state agencies, such as the Department of Corrections, are not considered "persons" under 42 U.S.C. § 1983.[6] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or state agency agrees to waive its immunity.[7] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of Alaska. However, an employee of the State of Alaska is considered a person under Section 1983.

---

[3] *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (the $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[4] Local Civil Rule 3.1(c)(3).

[5] 42 U.S.C. § 1983.

[6] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[7] *Alabama v. Pugh,* 348 U.S. 781 (1978); *In re New York,* 256 U.S. 490, 497 (1921).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Order re Deficient Filing
Page 2 of 5

For the foregoing reasons, the Complaint is DISMISSED. However, Plaintiff is accorded **30 days** to file an amended complaint.

If Plaintiff seeks to pursue a civil rights case, he must file a complaint that complies with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders. Although handwritten filings are permitted, they must be double-spaced, have margins of at least one inch around all text, and be the equivalent to at least 13-point font size with spacing between each line.[8] Plaintiff must ensure that any amended complaint or future filing is legible.

An amended complaint replaces the prior complaint in its entirety.[9] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[10] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[11] Rather, a complaint need only to allege sufficient factual matter, accepted as true,

---

[8] Local Civil Rule 7.5.

[9] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[10] Fed. R. Civ. P. 8(a)(2).

[11] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Order re Deficient Filing
Page 3 of 5
Case 3:24-cv-00175-SLG   Document 3   Filed 08/16/24   Page 3 of 5

to state a [plausible] claim for relief.[12] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[13] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's complaint in an effort to try to pull out facts and allegation regarding each defendant. Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims. An

---

[12] Fed. Rule Civ. Proc. 8(a)(2).

[13] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Order re Deficient Filing
Page 4 of 5
Case 3:24-cv-00175-SLG   Document 3   Filed 08/16/24   Page 4 of 5

amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must not include any defendants or claims that have been dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff must either pay the filing fee of $405.00 or file a completed application to waive prepayment of the filing fee within **30 days from the date of this order.** The application to waive prepayment of the filing fee must be completed, signed, and include a copy of the prisoner's trust account statement for the past six months.

2. The Complaint filed at Docket 1 is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. Plaintiff may file an amended complaint in conformance with the applicable rules of court within **30 days from the date of this order.**

3. If Plaintiff fails to file an amended complaint *and* pay the filing fee or file an application to waive prepayment in accordance with this order, this case will be dismissed without further notice to Plaintiff.

4. The Clerk of Court shall include a copy of form PS01 (Prisoner Civil Rights Complaint) and form PS10 (Prisoner's Application to Waive Prepayment of the Filing Fee) with this order.

DATED this 16th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Order re Deficient Filing
Page 5 of 5
Case 3:24-cv-00175-SLG   Document 3   Filed 08/16/24   Page 5 of 5