# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALFRED BECK ALLEN,<br><br>    Plaintiff,<br> v.<br><br>STATE OF ALASKA,<br><br>    Defendant. | Case No. 3:24-cv-00175-SLG |
| ALFRED BECK ALLEN,<br><br>    Plaintiff,<br> v.<br><br>TREG TAYLOR,<br><br>    Defendant. | Case No. 3:24-cv-00190-SLG |

## DISMISSAL ORDER

Pending before the Court are the two above-captioned cases filed by self-represented prisoner Alfred Beck Allen ("Plaintiff").[1] The Court has now screened both cases, one against the State of Alaska and the second against the Alaska Attorney General, pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the cases contain overlapping facts and similar deficiencies. Although the Defendants are different and the narratives slightly vary, in both cases, Plaintiff challenges his arrest on July 4, 2006, and the state court criminal prosecution that followed.[2]

---

[1] *Allen v. State of Alaska*, Case No. 3:24-cv-00175-SLG ("Case 175"); *Allen v. Taylor,* Case No. 3:24-cv-00190-SLG ("Case 190").

[2] *See* Docket 1 in Case 175 and Case 190.

Therefore, the Court addresses both cases in this combined order.

On August 8, 2024, Plaintiff filed a civil complaint alleging the State of Alaska violated his right to freedom.[3] The Court issued a deficiency order on August 16, 2024, informing Plaintiff that he needed to either pay the filing fee or file a completed application to waive prepayment of the filing fee, and that the State of Alaska is not a proper defendant.[4] The Court cautioned that if Plaintiff failed to file an amended complaint and either pay the $405 filing fee or file an application to waive prepayment within 30 days, the case would be dismissed without further notice to Plaintiff.[5] The Court received two payments toward the filing fee,[6] but Plaintiff has not filed an amended complaint in that case.

Instead, on August 29, 2024, Plaintiff filed a complaint against Attorney General Treg Taylor alleging violations of his due process rights,[7] a civil cover sheet, and an application to proceed without prepaying the filing fee; these

---

[3] Case 175, Dockets 1-3.

[4] Case 175, Docket 3.

[5] Case 175, Docket 3 at 5.

[6] The Court received two payments towards the filing fee totaling $350 (Filing fee: $205, receipt number 100021427; Filing fee: $125, receipt number 100021426). Although the Court may deduct the $55 administrative fee from the $405 filing fee and only require a prisoner plaintiff to pay $350, the Court has not granted—nor has Plaintiff filed—the required application to reduce the filing fee. *See* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14.

[7] Case 190, Docket 1 at 3.

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 2 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 2 of 8

documents were docketed by the Clerk's office as a new case.[8] For relief in both cases, Plaintiff seeks damages in the amount of $32,145,000.00, punitive damages in the amount of $10,000,000.00, and an order requiring the Attorney General to apologize to Plaintiff in front of Channel Two News.[9] In Case 175, Plaintiff also requested the State of Alaska "extinguish any record before during and after [his] trial of 3AN-06-07050CR."[10] In Case 190, Plaintiff filed a motion for "Immediate Release" on September 10, 2024. He requests that the Court grant the motion "so [he] can pick up with [his] life once again."[11]

As explained below, Plaintiff may not collaterally attack his state court conviction through a federal civil rights case, and Plaintiff has named improper defendants. Therefore, the Court finds amendment would be futile and will not accord Plaintiff leave to file an amended complaintn.[12]

---

[8] Case 190, Dockets 1-3.

[9] Case 174, Docket 1 at 8; Case 190, Docket 1 at 8.

[10] Case 174, Docket 1 at 8.

[11] Case 190, Docket 4.

[12] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 3 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 3 of 8

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[13] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[14]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[15] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[16] Futility exists when "the allegation of other facts consistent with the challenged

---

[13] 28 U.S.C. §§ 1915, 1915A.

[14] 28 U.S.C. § 1915(e)(2)(B).

[15] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[16] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 4 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 4 of 8

pleading could not possibly cure the deficiency."[17]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, and matters of judicial notice.[18] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[19]

## I. Civil Rights versus Habeas Corpus Actions

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[20] Claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas relief, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.[21] If a prisoner seeks to challenge the very fact or duration of their physical imprisonment, and seeks immediate or speedier release, their sole federal remedy is a writ of habeas corpus.[22]

---

[17] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[18] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[19] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

[20] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[21] *Nettles v. Grounds,* 830 F.3d 922, 934 (9th Cir. 2016) (en banc).

[22] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 5 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 5 of 8

When a prisoner's Section 1983 complaint "evidence[s] a clear intention to state a habeas claim," a federal court should treat it as such.[23] However, the Supreme Court has warned courts to avoid a recharacterization that may disadvantage a prisoner by, for example, subjecting the petitioner to restrictions on second or successive habeas petitions.[24] Additionally, habeas cases have strict procedural requirements that must be met before such claims may be filed in federal court, and the proper respondent in a habeas case is the person who has custody over the petitioner, such as the superintendent of the facility where the petitioner is confined.[25]

Plaintiff has named improper defendants and failed to state any plausible claims for relief under Section 1983. It is clear from Plaintiff's filings that he is challenging his criminal conviction and prison sentence in *State vs. Allen,* Case No. 3AN-06-07050CR. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[26]

---

[23] *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

[24] *Castro v. United States*, 540 U.S. 375, 382 (2003). *See also United States v. Seesing*, 234 F.3d 456, 464 (9th Cir.2000) (holding that a court should not recharacterize a prisoner's pro se filing as a federal habeas petition when doing so would be to the prisoner's disadvantage).

[25] *Rumsfeld v. Padilla,* 542 U.S. 426, 434-435 (2004). *See also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[26] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 6 of 8

Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 6 of 8

Plaintiff has already made several unsuccessful attempts to attain post-conviction relief in state court.[27] The Court also takes judicial notice that the Court recently dismissed Plaintiff's federal habeas case after finding his claims were barred by the procedural default doctrine.[28] The Court declines to reconsider those arguments and will not recharacterize these cases as petitions for a writ of habeas corpus under 28 U.S.C. §2254 ("Section 2254").[29]

## II. Defendants are Immune from Suit

Plaintiff seeks relief from Defendants who are immune from suit. As the Court previously informed Plaintiff, he cannot maintain a Section 1983 claim in federal court against the State of Alaska.[30] The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the state or state agency agrees to waive its

---

1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[27] *In re Allen vs. State of Alaska,* Case No. 3AN-10-11145CI (Filed on 9/16/2010; Case Closed on 7/22/2015); *In re Allen vs. State of Alaska*, Case No. 3AN-15-09484CI (Filed on 8/28/2015; Case Closed on 8/01/2017); *In re Allen vs. State of Alaska,* Case No. 3AN-19-08856CI (Filed on 8/02/2019; Case Closed on 7/02/2021).

[28] *Allen v. State of Alaska,* Case No. 3:24-cv-00184-SLG, Docket 3.

[29] *Castro v. United States*, 540 U.S. 375, 382 (2003).

[30] Case 175, Docket 3 at 2.

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 7 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 7 of 8

immunity.[31] Additionally, prosecuting attorneys who act within the scope of their duties are immune from suits brought for damages under Section 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' "[32] This is so even if the prosecutor has violated a plaintiff's constitutional rights or acted with malicious intent.[33] Therefore, Plaintiff's claims against the State of Alaska and the Alaska Attorney General are DISMISSED with prejudice, meaning Plaintiff may not pursue the same claims against these Defendants in the future.

**IT IS THEREFORE ORDERED:**

1. The above-captioned cases are **DISMISSED with prejudice**.

2. The Court finds amendment would be futile.

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment in each case.

DATED this 7th day of October 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[31] U.S. Const. amend. XI. *See also Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66-68 (1989).

[32] *Burns v. Reed,* 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)).

[33] *Broam v. Bogan*, 320 F. 3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F. 3d 630, 637 (9th Cir. 2005).

Case No. 3:24-cv-00175-SLG, *Allen v. State of Alaska*
Case No. 3:24-cv-00190-SLG, *Allen v. Taylor*
Dismissal Order
Page 8 of 8
Case 3:24-cv-00175-SLG   Document 4   Filed 10/07/24   Page 8 of 8